IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22-CR-112 |
| vs. | MEMORANDUM AND ORDER ON FINDINGS AND RECOMMENDATION ON MOTION TO DISMISS |
| TESLUACH K. GATKUOTH, | |
| Defendant. | |

The Government has charged the Defendant, Tesluach K. Gatkuoth, with one count of knowingly possessing a firearm after having been previously convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Filing 1 at 1. This matter is before the Court on Gatkuoth's *pro se* Motion to Dismiss. Filing 108. Liberally construing his arguments, Gatkuoth raises issues implicating jurisdiction, standing, the dual-sovereignty doctrine, and the Second Amendment. *See generally* Filing 108; Filing 109; Filing 110; Filing 117. United States Magistrate Judge Susan M. Bazis considered the matter and issued a written Findings and Recommendation on March 6, 2024. Filing 119. Judge Bazis recommends that Gatkuoth's Motion be denied. Filing 119 at 1. The Court agrees, adopts Judge Bazis's Findings and Recommendation in its entirety, and denies Gatkuoth's Motion to Dismiss. Gatkuoth's *pro se* Superseding Motion to Dismiss, Filing 120, is also denied for the reasons set forth below.

I. BACKGROUND

The Court is familiar with the background of this case because it previously recounted the facts giving rise to it in a prior Order. Filing 91 at 2–3. Judge Bazis's Findings and Recommendation accurately recounts many of these same facts. *See generally* Filing 119 at 1–3. Her Findings and Recommendation also discusses the procedural history of this case. *See* Filing

1

119 at 2–3. The Findings and Recommendation correctly sets forth the factual background and the Court adopts Judge Bazis's factual recitation in full. In any event, Gatkuoth has not objected to any of Judge Bazis's factual findings, and he has therefore waived his right to contest them. *See* NECrim 59.2(e) ("Failure to object to a finding of fact in a magistrate judge's recommendation may be construed as a waiver of the right to object from the district judge's order adopting the recommendation of the finding of fact").

## II.   ANALYSIS

### A.  Standard of Review

Gatkuoth did not file objections to Magistrate Judge Bazis's Findings and Recommendation.[1] Rule 59(b)(1) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense." Fed. R. Crim. P. 59(b)(1). Rule 59(b)(2) then goes on to state,

> Within 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations. Unless the district judge directs otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient. Failure to object in accordance with this rule waives a party's right to review.

Fed. R. Crim. P. 59(b)(2).

---

[1] The Court acknowledges that Gatkuoth is proceeding *pro se* and is incarcerated. Therefore, the Court intentionally delayed its resolution of this matter to reasonably account for the possibility that the lack of timely objections might be due to delays in the mail. The Court waited over three weeks after Judge Bazis issued her Findings and Recommendation before completing this Order to see whether any objections would arrive. None have.

2

Rule 59(b)(3) further provides that, "The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3). This Court's local rules also set forth requirements that must be followed when filing such objections. *See* NECrimR. 59.2. Specifically,

> A party may object to a magistrate judge's order in a nondispositive matter or findings and recommendations in a dispositive matter by filing a "Statement of Objections to Magistrate Judge's Order" or "Statement of Objections to Magistrate Judge's Findings and Recommendations" within 14 days after being served with the order or findings and recommendations, unless the order or recommendation states a different time. The party must specify (1) the parts of the order or findings and recommendations to which the party objects and (2) the legal basis of the objections. The statement of objections should also indicate whether the party relies on a previously or newly filed brief. A party may not merely reference or refile the original brief submitted to the magistrate judge. A party's failure to state a legal argument supporting objections to an order may be considered an abandonment of the party's objections. Unless ordered otherwise, an opposing party may file an opposing brief within 14 days of being served with the statement of objections. This brief may refer to previously filed briefs. The objecting party may not file a reply brief without the court's leave.

NECrimR. 59.2(a).

### B.  Gatkuoth Did Not File Objections to Judge Bazis's Findings and Recommendation

Because Gatkuoth did not file objections to Judge Bazis's Findings and Recommendation, he has waived his right to review. *Cf.* United States v. Merrett, 9 F.4th 713, 716 (8th Cir. 2021) (noting that the defendant "did not object to the magistrate judge's order denying his motion, and his failure to object waives his right to review under Federal Rule of Criminal Procedure 59(a)"), *cert. denied*, 142 S. Ct. 815 (2022).[2] The Court acknowledges that after Judge Bazis issued her

---

[2] The Court recognizes that in *Merrett*, the Eighth Circuit was discussing the waiver provision that applied under Rule 59(a), rather than Rule 59(b). *See* Merrett, 9 F.4th at 716. Rule 59(a) governs non-dispositive motions whereas Rule 59(b) governs dispositive motions. *Compare* Fed. R. Crim. P. 59(a) *with* Fed. R. Crim. P. 59(b). However, both subparagraphs include the same exact waiver provision. Rule 59(a) states, "Failure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(a). Rule 59(b)(2) likewise states,

Findings and Recommendation, the Court received additional submissions from Gatkuoth. *See* Filing 120; Filing 121; Filing 122; Filing 123. Gatkuoth captions these documents as a Superseding Motion (Filing 120), a Superseding Affidavit (Filing 121), an Index of Evidence (Filing 122), and a Superseding Brief (Filing 123). These filings do not include objections to Judge Bazis's Findings and Recommendation even under the most liberal construction. Indeed, they cannot be objections because they were mailed on March 5, 2024, and received by the Court on March 12, 2024. Judge Bazis submitted her Findings and Recommendation on March 6, 2024, when these submissions would still have been in postal transit. Each of these filings include notarized certificates of service indicating that they were mailed on March 5, 2024—the day before Judge Bazis submitted her Findings and Recommendation. *See* Filing 120 at 5; Filing 121 at 5; Filing 122 at 3 Filing 123 at 20. Thus, the Court cannot construe these filings as objections.

Because Gatkuoth submitted these filings out of time and without leave to do so, they are not properly before the Court. Gatkuoth was granted leave until January 18, 2024, to file his original Motion to Dismiss. Filing 103 (Text Minute Entry). He was not granted any such leave to file a new version of this Motion after that date. These new filings also largely regurgitate Gatkuoth's arguments with respect to jurisdiction, standing and the dual sovereignty doctrine, and elaborate on his Second Amendment challenge—issues the Findings and Recommendation already address. Still, the Court has reviewed and considered these belated filings in the interest of being thorough and notes that to the extent Gatkuoth presents anything new or different, these additions do not alter the Court's analysis.

---

"Failure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(b)(2). *See United States v. Edwards*, 34 F.4th 570, 585 (7th Cir. 2022) (noting that under Rule 59(b)(2), "Failure to object 'waives a party's right to review.'") (citation omitted); *United States v. Goebel*, 959 F.3d 1259, 1265 (10th Cir. 2020) ("Rule 59(b)(2) of the Federal Rules of Criminal Procedure provides that the failure to object to a magistrate judge's report and recommendation 'waives a party's right to review.'") (citation omitted).

For example, Gatkuoth argues that because the underlying conviction at issue in the Indictment occurred when he was 18 years-old, this underlying conviction "does not meet the criteria under Section 922(g)(1) based on his age at the time of such conviction[.]" Filing 123 at 8. However, Gatkuoth states that as a result of this state court robbery conviction, he was sentenced "to 8 to 12 years of imprisonment in the Custody of Nebraska Department of Correctional Services[,]" Filing 121 at 2, and he does not dispute that he is "a convicted felon under the State of Nebraska[.]" Filing 123 at 4. The Government also notes that Gatkuoth's underlying conviction stems from "the District Court of Lancaster County Nebraska, CR150000478"—not juvenile court. *See* Filing 114 at 10. Gatkuoth further suggests that his compliance with the Military Selective Service Act, 50 U.S.C. § 3801, "entitles him the right to keep and bear arms for National or State Security[.]" Filing 120 at 3. This contention has no legal merit. The fact that Gatkuoth might theoretically be required to serve in the Armed Forces and possess a firearm in furtherance of those duties has no bearing on whether he, a convicted felon, is allowed to personally possess a firearm strictly in his capacity as a civilian. Ultimately, even if the Court were to consider the merits of his untimely, Superseding Motion to Dismiss, Filing 120, *de novo*, this Motion still fails on the merits.

### C.  Gatkuoth Would Not Prevail under *De Novo* Review Either

Even if Gatkuoth had not waived review and this Court were to consider the matter *de novo*, the Court would still adopt Judge Bazis's well-reasoned Findings and Recommendation in its entirety.[3] Considering the matter independently and affording the Findings and Recommendation no deference, *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004), the

---

[3] *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (explaining that a "district judge has jurisdiction over the case at all times" and "retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment"); *see also United States v. Goree*, No. 19CR2661NEBKMM, 2020 WL 490995, at *2 (D. Minn. Jan. 30, 2020) (noting that "[t]he Advisory Committee Notes to Rule 59 state that '[d]espite the waiver provisions, the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed'").

Court still agrees with and adopts it. As Judge Bazis correctly concludes, Gatkuoth's jurisdictional, standing, and dual sovereignty challenges lack all merit for the reasons she explains in her Findings and Recommendation. *See* Filing 119 at 3–5.

The Court also agrees with Judge Bazis's assessment of Gatkuoth's Second Amendment challenge. *See* Filing 119 at 5. In *United States v. Cunningham*, the Eighth Circuit reiterated "that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant." 70 F.4th 502, 506 (8th Cir. 2023) (citing *United States v. Jackson*, 69 F.4th 495, 501–02 (8th Cir. 2023)). In upholding the district court's decision to deny the defendant's motion to dismiss in that case, the Eighth Circuit said, "The longstanding prohibition of firearms by felons is constitutional[.]" *Cunningham*, 70 F.4th at 506. Since then, the Eighth Circuit has continued to insist "that § 922(g)(1) is constitutional." *United States v. Bull*, No. 22-2417, 2024 WL 378006, at *3 (8th Cir. Feb. 1, 2024) (per curiam). For the foregoing reasons, the Court would deny Gatkuoth's Motion to Dismiss even if he had not waived his right to review by failing to file objections and *de novo* review were appropriate.

### III. CONCLUSION

The Court agrees with the findings and conclusions reached by Judge Bazis. Regardless, Gatkuoth has not filed objections to her Findings and Recommendation and has, therefore, waived his right to review anyway. Thus,

IT IS ORDERED:

1. Judge Bazis's Findings and Recommendation, Filing 119, is adopted in its entirety;

2. Gatkuoth's Motion to Dismiss, Filing 108, is denied; and

3. Gatkuoth's Superseding Motion to Suppress, Filing 120, is denied.

Dated this 29th day of March, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge