IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TESLUACH K. GATKUOTH, <br><br> Defendant. | 8:22-CR-112 <br><br> AMENDED MEMORANDUM AND ORDER ON FINDINGS AND RECOMMENDATION ON MOTION TO DISMISS |

### I. PRELIMINARY CONSIDERATIONS AND RESOLUTIONS

The Government has charged the Defendant, Tesluach K. Gatkuoth, with one count of knowingly possessing a firearm after having been previously convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Filing 1 at 1. Proceeding *pro se*, Gatkuoth filed a Motion to Dismiss, which was referred to United States Magistrate Judge Susan M. Bazis. Filing 108; Filing 119. On March 29, 2024, the undersigned entered a Memorandum and Order adopting Judge Bazis's Findings and Recommendation, Filing 119, in its entirety. Filing 124. In that Original Order, the Court noted that Gatkuoth had not filed objections to Judge Bazis's Findings and Recommendations. Filing 124 at 2. The Original Order also said,

> The Court acknowledges that Gatkuoth is proceeding *pro se* and is incarcerated. Therefore, the Court intentionally delayed its resolution of this matter to reasonably account for the possibility that the lack of timely objections might be due to delays in the mail. The Court waited over three weeks after Judge Bazis issued her Findings and Recommendation before completing this Order to see whether any objections would arrive. None have.

Filing 124 at 2 n.1.

Then, on April 1, 2024—three days after the Court issued its Original Order on the matter—the Clerk's Office received a filing from Gatkuoth captioned, "Defendant Tesluach K. Gatkuoth's Declaration of Objections to – Findings, and Recommendation on Defendant's Motion

1

to Dismiss, brief in support." Filing 125 at 1. This filing is dated March 26, 2024, and was notarized on that same date. Filing 125 at 1, 13. The envelope it arrived in was stamped, "Hall County Jail Inmate Mail Contents Are Uncensored." Filing 125 at 16.

Having received this new filing, the Court concludes that it is appropriate to revise and amend the Original Order it issued on March 29, 2024 (*i.e.*, Filing 124). Any objections that Gatkuoth wanted to raise to Judge Bazis's Findings and Recommendation were due within 14 days after he was served with a copy of the Findings and Recommendation. Filing 119 at 6. Although the Court does not have information before it showing when exactly Gatkuoth would have been served with a copy of Judge Bazis's Findings and Recommendation, it is plausible that he did not receive it until March 12, 2024. If that were the case and he submitted his objections for mailing on the date this document was notarized (*i.e.*, March 26, 2024), then his objections would have been timely under the Prison Mailbox Rule. *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). In the interest of being thorough and resolving this matter on the merits, the Court will assume without deciding that Gatkuoth's objections were timely filed.[1] Because the Court's Original Order, Filing 124, states that Gatkuoth did not file objections to Judge Bazis's Findings and Recommendation, this Amended Order supersedes that Original Order.

The Court has now considered Gatkuoth's objections. As the Original Order explained, "the Court would deny Gatkuoth's Motion to Dismiss even if he had not waived his right to review by failing to file objections and *de novo* review were appropriate." Filing 124 at 6. It should therefore come as little surprise that these objections have not convinced the Court otherwise. For

---

[1] *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (explaining that a "district judge has jurisdiction over the case at all times" and "retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment"); *see also United States v. Goree*, No. 19CR2661NEBKMM, 2020 WL 490995, at *2 (D. Minn. Jan. 30, 2020) (noting that "[t]he Advisory Committee Notes to Rule 59 state that '[d]espite the waiver provisions, the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed'").

2

the reasons explained below, the Court still adopts Judge Bazis's Findings and Recommendation in its entirety and denies Gatkuoth's Motion to Dismiss and Superseding Motion to Dismiss.

## II. BACKGROUND

The Court is familiar with the background of this case because it previously recounted the facts giving rise to it in a prior Order. Filing 91 at 2–3. Judge Bazis's Findings and Recommendation accurately recounts many of these same facts. *See generally* Filing 119 at 1–3. Her Findings and Recommendation also discusses the procedural history of this case. *See* Filing 119 at 2–3. The Findings and Recommendation correctly sets forth the factual background and the Court adopts Judge Bazis's factual recitation in full.

## III. ANALYSIS

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1), different standards of review apply when a party objects to a pretrial decision or a proposed findings of fact and recommendations by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's proposed findings and recommendations, "[a] judge of the court shall make a de novo determination of those portions . . . to which objection is made." *Id.*; *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) (When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Under *de novo* review, a reviewing court "makes its own determinations of disputed issues and does not decide whether the magistrate[] [judge's] proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). *De novo* review is non-

deferential and requires an independent review of the entire matter. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When de novo review is compelled, no form of appellate deference is acceptable."); *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004) ("'De novo' is a Latin term literally meaning 'as new.' Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law . . . .").

### B. Gatkuoth's Additional Submissions Are Not Properly Before the Court and Lack Merit Regardless

Before addressing Gatkuoth's Objections to the Findings and Recommendation, the Court will first resolve a related matter. After Judge Bazis issued her Findings and Recommendation, the Court received additional submissions from Gatkuoth. *See* Filing 120; Filing 121; Filing 122; Filing 123. Gatkuoth captions these documents as a Superseding Motion (Filing 120), a Superseding Affidavit (Filing 121), an Index of Evidence (Filing 122), and a Superseding Brief (Filing 123). Because Gatkuoth submitted these filings out of time and without leave to do so, they are not properly before the Court. Gatkuoth was granted leave until January 18, 2024, to file his original Motion to Dismiss. Filing 103 (Text Minute Entry). He was not granted any such leave to file a new version of this Motion after that date. These new filings also largely regurgitate Gatkuoth's arguments with respect to jurisdiction, standing and the dual sovereignty doctrine, and elaborate on his Second Amendment challenge—issues the Findings and Recommendation already address. Still, the Court has reviewed and considered these belated filings *de novo* in the interest of being thorough and notes that to the extent Gatkuoth presents anything new or different, these additions do not alter the Court's analysis.

For example, Gatkuoth argues that because the underlying conviction at issue in the Indictment occurred when he was 18 years-old, this underlying conviction "does not meet the criteria under Section 922(g)(1) based on his age at the time of such conviction[.]" Filing 123 at 8. However, Gatkuoth states that as a result of this state court robbery conviction, he was sentenced "to 8 to 12 years of imprisonment in the Custody of Nebraska Department of Correctional Services[,]" Filing 121 at 2, and he does not dispute that he is "a convicted felon under the State of Nebraska[.]" Filing 123 at 4. The Government also notes that Gatkuoth's underlying conviction stems from "the District Court of Lancaster County Nebraska, CR150000478"—not juvenile court. *See* Filing 114 at 10. Gatkuoth further suggests that his compliance with the Military Selective Service Act, 50 U.S.C. § 3801, "entitles him the right to keep and bear arms for National or State Security[.]" Filing 120 at 3. This contention has no legal merit. The fact that Gatkuoth might theoretically be required to serve in the Armed Forces and possess a firearm in furtherance of those duties has no bearing on whether he, a convicted felon, is allowed to personally possess a firearm strictly in his capacity as a civilian. Ultimately, even when considering the substance of his untimely, Superseding Motion to Dismiss, Filing 120, *de novo*, this Motion still fails on the merits.

### C. Gatkuoth's Objections to the Findings and Recommendation

In her Findings and Recommendation, Judge Bazis noted that the arguments Gatkuoth raised in support of his Motion to Dismiss were "difficult to decipher[.]" Filing 119 at 3. The same is true of the arguments he makes in his Objections to the Findings and Recommendation. *See generally* Filing 125. He begins by making what he describes as a "blanket objection" to the Findings and Recommendation, Filing 125 at 2, which is not a proper objection. *See* NECrimR 59.2(a) ("The party must specify (1) the parts of the order or findings and recommendation to

5

which the party objects and (2) the legal basis of the objections").[2] Gatkuoth then divides the remainder of his objections into six categories. Filing 125 at 3–12. The first two categories bear on jurisdiction, the third category pertains to "Article III Standing," the fourth issue is captioned "Improper Venue and Removal of Cause," the fifth issue also involves jurisdiction, and the sixth and final issue is captioned, "Unfair/Prejudicial Foreclosure for Remedy." In short, none of these arguments have any merit.

Gatkuoth's jurisdictional, standing, and dual sovereignty challenges all fall flat for the reasons Judge Bazis explains in her Findings and Recommendation. *See* Filing 119 at 3–5. His Objections do too. To the extent he contends that the State of Nebraska has "exclusive jurisdiction" over this federal offense, Gatkuoth is wrong. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"). To the extent he argues that the federal government cannot prosecute him for a federal offense based on a factual predicate that was also the source of state prosecution, Gatkuoth is wrong. *See Gamble v. United States*, 587 U.S. 678, 681 (2019) (explaining that under the "'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute"). To the extent he contests "commerce jurisdiction," (which the Court liberally construes to be a challenge under the Constitution's Commerce Clause) Gatkuoth is wrong. *See United States v. Shepherd*, 284 F.3d 965, 969 (8th Cir. 2002) (noting that challenges to the felon in possession statute versus a Commerce Clause argument have "been considered and rejected" by the Eighth Circuit). To the extent he disputes "Article III standing," this argument has no merit because, as

---

[2] Gatkuoth also claims that he "was not provided an opportunity to rebut the plaintiff's presumption of jurisdiction, and fully develop and brief the issues raised." Filing 125 at 2. Gatkuoth has had ample opportunity to argue this matter and was even granted an extension to do so. *See* Filing 103 (Text Minute Entry).

Judge Bazis noted in her Findings and Recommendation, Gatkuoth "is charged with a federal crime" and the arguments he makes and cases he cites "pertain to civil, not criminal cases." Filing 119 at 4 n.2.

Gatkuoth's final argument relates to his Second Amendment challenge—albeit, tangentially. Filing 125 at 10–12.[3] The Court agrees with Judge Bazis's assessment of Gatkuoth's Second Amendment challenge. *See* Filing 119 at 5. In *United States v. Cunningham*, the Eighth Circuit reiterated "that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant." 70 F.4th 502, 506 (8th Cir. 2023) (citing *United States v. Jackson*, 69 F.4th 495, 501–02 (8th Cir. 2023)). In upholding the district court's decision to deny the defendant's motion to dismiss in that case, the Eighth Circuit said, "The longstanding prohibition of firearms by felons is constitutional[.]" *Cunningham*, 70 F.4th at 506. Since then, the Eighth Circuit has continued to insist "that § 922(g)(1) is constitutional." *United States v. Bull*, No. 22-2417, 2024 WL 378006, at *3 (8th Cir. Feb. 1, 2024) (per curiam). Having considered Gatkuoth's objections to Judge Bazis's Findings and Recommendation on *de novo* review, the Court agrees with Judge Bazis and adopts her Findings and Recommendation in its entirety.

## IV. CONCLUSION

The Court agrees with the findings and conclusions reached by Judge Bazis, and Gatkuoth's objections lack all merit. Accordingly,

IT IS ORDERED:

1. This Amended Order supersedes the Court's Original Order, Filing 124, dated March 29, 2024;

---

[3] The bulk of Gatkuoth's argument takes issue with his perceived lack of a "remedy for recourse." Filing 125 at 11. The Court has considered this argument and it has no merit.

2. Gatkuoth's Objections to Judge Bazis's Findings and Recommendation, Filing 125, are overruled;

3. Judge Bazis's Findings and Recommendation, Filing 119, is adopted in its entirety;

4. Gatkuoth's Motion to Dismiss, Filing 108, is denied; and

5. Gatkuoth's Superseding Motion to Dismiss, Filing 120, is denied.

Dated this 2nd day of April, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge